Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 1 8 2017

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | CRIMINAL NO. |
| AARON INMAN | § | |

17CR0294

### CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A)  the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct,"

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2), as any:

> "actual or simulated -
> (i)  sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
> (ii) bestiality; [or]
> (iii) masturbation; [or]
> (iv) sadistic or masochistic abuse; or

(v)  [the] lascivious exhibition of the genitals or pubic area of any person."

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

"electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5. The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

"producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

"undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
(Distribution of Child Pornography)

On or about October 31, 2016, within the Southern District of Texas and elsewhere,

**AARON INMAN,**

defendant herein, did knowingly distribute material that contained child pornography using any means and facility of interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

2

## COUNT TWO
### (Possession of Child Pornography)

On or about December 14, 2016, within the Southern District of Texas, and elsewhere,

**AARON INMAN,**

defendant herein, did knowingly possess material that contained multiple images and videos of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, or which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer; more specifically, an LG LS770 Cell phone, containing a 16GB Sandisk Micro SD card, and an HP Pavillion desktop computer, containing a Seagate hard drive, which contained video and still images of child pornography.

**All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

## NOTICE OF FORFEITURE
### 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Counts One through Three of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One through Three; and all property, real and personal, used or intended to be used to

commit or to promote the commission of the offenses charged in Counts One through Three, or any property traceable to such property, including, but not limited to, the following:

An LG LS770 cell phone, serial number 511CYBD0893325; and

An HP Pavilion desktop computer, serial number 4CI44118TP.

A True Bill:

ORIGINAL SIGNATURE ON FILE

Grand Jury Foreperson

ABE MARTINEZ
Acting United States Attorney

By: _____
Sherri L. Zack
Assistant United States Attorney
713-567-9374